*Hatcher & Browns, for appellant.*

——, *for appellees.*

## COMMONWEALTH v. JNO. W. FINNELL.

**Taxation—False and Fraudulent List.**

Under § 20, art. 6, ch. 803, R. S., incorrect lists of taxable property are not "false and fraudulent," unless the person making them knew they were incorrect, and intentionally made them so.

**Criminal Law—Burden of Proof.**

The burden is on the Commonwealth to establish the guilt of the party accused of the crime.

APPEAL FROM MERCER CIRCUIT COURT.

October 14, 1873.

OPINION BY JUDGE LINDSAY:

The summons in this case takes the place of an indictment or warrant. It should have been sufficiently specific to give notice to appellee of the particular falsehood or fraud in his list of property for which he was being prosecuted, whether it consisted in false statements as to real or personal property, or as to his taxable estate under the qualification act.

But waiving this defect in the summons, it is sufficient to say that the question of his guilt was submitted to a jury, and he was acquitted upon the proof.

The court did not err in instructing the jury, that before they could convict they must believe from the evidence to the exclusion of reasonable doubt, that the return made, was wilfully false. Persons are not to be subjected to the penalty prescribed by Section 20, Article 6, Chapter 803, R. Statutes, for mere mistakes. Incorrect lists of taxable property cannot be "false and fraudulent" unless the persons making them are aware that they are incorrect, and intentionally make them so.

In a proceeding to have an assessment corrected the rule would be different, but in a penal prosecution like this, the defendant is not to be required to establish his innocence.

Judgment affirmed.

*J. B. Thompson, for appellant.*

*Kyle & Poston, for appellee.*